# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JAMES ROZENSKI,**

                **Petitioner,**

     v.                                                                        Case No. 09-C-775

**JUDY SMITH,**

                **Respondent.**

## AMENDED DECISION AND ORDER[1]

        Pro se Petitioner James Rozenski ("Rozenski"), who is serving a state sentence at Oshkosh Correctional Institution ("OCI") in Oshkosh, Wisconsin, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Following a trial by jury before the Circuit Court for Marathon County, Wisconsin, Rozenski was convicted on January 21, 2005, of two counts of second degree sexual assault/use of force, false imprisonment, and misdemeanor battery. Respondent Judy Smith ("Smith") is the warden of the OCI. Rozenski has paid the $5.00 filing fee.

        This case is before the Court for a preliminary review of the petition for writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and on Rozenski's motion for appointment of counsel. According to

---

[1] This Decision and Order corrects the Court's September 27, 2009, Decision and Order by substituting the name of the Respondent in this action, "Smith," for "Pollard" at pages seven and nine.

Rule 4, the Court makes a preliminary review and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." The Court examines the petition to determine whether the petitioner advances a cognizable claim that he is being held in violation of federal or Constitutional law, and whether the petitioner has exhausted available state remedies.

While Rozenski's petition lists 19 grounds for relief, there are three cognizable grounds. As explained in this Decision and Order, in reviewing Rozenski's petition, the Court has consolidated and renumbered Rozenski's grounds. Throughout this action, the Court will refer to Rozenski's grounds for relief as they have been renumbered, and requests that the parties do the same.

Ground one of the petition asserts that the State trial court applied the wrong legal standard to Rozenski's claim of ineffective assistance of counsel. That contention is included in the standard for review of the merits of state habeas corpus petitions and does not constitute a separate ground for relief. The first contention presented by the petition fails to state an arguable claim for relief and is dismissed.

Grounds two through six and grounds nine through 15, of the petition are that trial counsel was ineffective for the following reasons: Counsel failed to review and present exculpatory evidence and to research, obtain, and present additional exculpatory evidence (grounds two and three); failed to research or seek expert opinions concerning the medical findings; specifically, the lack of any physical evidence to support the alleged victim's claims

2

of a brutal rape; (ground four); failed to object to the prosecutor's improper closing arguments; specifically, the prosecutor's vouching for the State's witnesses, the prosecutor's claim of facts not in evidence, the prosecutor's expression of her opinion of Rozenski's guilt or credibility, and, the prosecutor's remarks designed to inflame the jury (ground five); failed to object to the submission of the victim's statement to the jury during deliberations (ground six); failed to object to the testimony of the State's expert witness, Dr. Nielsen ("Nielsen") (ground nine); failed to conduct adequate discovery (ground ten); failed to object to the State's motion in limine (ground 11); failed to object to the admission of Rozenski's underwear (ground 12); failed to object to repetitious hearsay testimony by the State's witnesses (ground 13); failed to move for a mistrial (ground 14); and, failed to object to State Criminal Jury Instruction 140, which instructed the jury to search for the truth (ground 15).

Although Rozenski's petition states different reasons in support of the ground, "ineffective assistance of counsel is a single ground for relief no matter how many failings the lawyer may have displayed. Counsel's work must be assessed as a whole; it is the overall deficient performance, rather than a specific failing, that constitutes the ground for relief." *Peoples v. United States*, 403 F.3d 844, 848 (7th Cir. 2005). Therefore, grounds two through six and grounds nine through 15 of Rozenski's petition set forth a single ground for relief based on ineffective assistance of counsel and that ground is renumbered as ground one.

There remains to be addressed grounds seven, eight, 16, 17, 18, and 19. All but ground 19 assert that the prosecutor engaged in prosecutorial misconduct. Ground seven is that the State violated Rozenski's constitutional rights when it intimated that the jury was to

3

chose between Rozenski's version or the version presented by the State's witnesses. Ground eight is that the State violated Rozenski's constitutional rights when the prosecution used perjured testimony to obtain a conviction and suppressed evidence in violation of Rozenski's rights under *Brady v. Maryland*, 373 U.S. 83 (1963). Ground 16 is that the State violated Rozenski's right to due process when the prosecutor solicited hearsay testimony and failed to adhere to the trial court's repeated admonishments. Ground 17 is that the State violated Rozenski's rights to due process when the prosecutor made improper remarks during closing arguments. Ground 18 is that the State violated Rozenski's rights to due process when the prosecutor focused on facts not evidence. These grounds, which are renumbered as ground two, arguably raise a constitutional claim since Supreme Court precedent establishes that arguments and conduct by a prosecutor may in some circumstances amount to prosecutorial misconduct depriving a defendant of due process. *See Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974).

Ground 19 is that the State circuit court failed to insure that Rozenski received an impartial jury. Ground 19 is comprised of eleven contentions. All but the first four contentions are also included in other separate grounds for relief. The due process clause of the Fourteenth Amendment entitles a criminal defendant to an impartial jury. Rozenski has stated an arguable constitutional violations based on his contentions that he was denied the right to be tried by an impartial jury due to the size of the jury pool, the "intrinsic connection of six of the twelve jurors, one of the 12 jurors was observed talking to Ms. Drehmel during

4

trial, and, because inadmissible evidence was submitted to the jury during deliberations. Ground 19, renumbered as ground three, states an arguable ground for relief.

The Court next considers whether Rozenski has exhausted his claims. Claims are exhausted when they have been presented to the highest state court or when no state remedies remain for the petitioner. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by bringing the claim before the state appellate and then the state supreme court, even if its review is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845-46 (1999). Additionally, the claims raised in the petition must be the same claims that were raised and exhausted in state court. *Picard v. Connor*, 404 U.S. 270, 276 (1971). State courts are fully capable of ruling on federal law, and a petitioner has not satisfied the exhaustion requirement unless the state courts heard the alleged violations of his federal rights. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995).

After his conviction, Rozenski filed an appeal with the Wisconsin Court of Appeals. Rozenski states that he presented twenty issues to that court in support of four basic claims: (1) the State circuit court erred when it denied his post-conviction motion for a new trial based upon ineffective assistance of counsel by holding his ineffective assistance claims to a standard forbidden by the United States Supreme Court; (2) trial counsel was deficient and prejudiced Rozenski depriving him of his right to effective assistance of counsel; (3) the State violated Rozenski's right to due process; (4) the State circuit court failed to ensure that Rozenski received an impartial jury. (See Pet. App. B.)

5

The Wisconsin Court of Appeals issued an unpublished opinion addressing Rozenski's appeal. *See State v. Rozenski*, No. 2006AP3124-CR, 750 N.W.2d 518, 2008 WL 894467 (Wis. Ct. App. 2008) (Table). The court stated that he had presented twenty issues with numerous sub-issues relating to ineffective assistance of counsel and prosecutorial misconduct. *Id.* at *1. It also noted that he had not presented any arguments on issues ten through twenty, and declined to consider those issues, because he had attempted to incorporate by reference arguments contained in a state circuit court brief, in violation of the Wisconsin Rules of Appellate Procedure. *Id*. at *1 n.1. The Wisconsin Court of Appeals affirmed his conviction. *Id.* at *1.

Rozenski then petitioned the Wisconsin Supreme Court to review the decision. He states that he raised twenty issues before the Wisconsin Supreme Court, and lists those issues in Appendix D to his petition. On May 13, 2008, the Wisconsin Supreme Court denied review.

At this juncture of the proceedings, based on the Court's review of Rozenski's petition and appendices it is difficult to determine whether Rozenski has presented all his contentions with respect to his ineffective assistance of counsel and prosecutorial misconduct claims for review by the Wisconsin courts, or whether he presented his violation of his right to an impartial jury claim to the Wisconsin Court of Appeals, and the nature of any such claim that he presented to the Wisconsin Supreme Court.

Therefore, at this juncture, dismissal of Rozenski's petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts is not warranted.

6

As such, Smith will be called upon to serve and file an answer pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Smith's answer must contain the information required by Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

## Motion for Appointment of Counsel

Rozenski requests appointment of counsel pursuant to 28 U.S.C. § 2254(h),[2] 18 U.S.C. § 3006A, and Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts.[3] He states that he lacks the financial resources to retain counsel to represent him in this matter, and has submitted an affidavit to proceed without prepayment of fees and costs with his motion. He states that he is not a lawyer is not trained in legal argument. Rozenski also states that he has relied on the assistance of a law clerk at OCI to understand and file the necessary petitions and other documents in this case and that such assistance is no longer because the law clerk has been transferred to a different institution.

There is no right to counsel in a federal habeas corpus proceeding. *Wright v. West*, 505 U.S. 277, 293 (1992); *Pennsylvania v. Finley*, 481 U.S. 551, 556 (1987); *Pruitt v. Mote*, 503 F.3d 647, 657 (7th Cir. 2007). If a petitioner qualifies under 18 U.S.C. § 3006A(b), counsel shall be appointed, if necessary, for effective utilization of discovery procedures, if

---

[2]Section 2254(h) of Title 28 of the United States Code specifies that appointment of counsel under that section is governed by 18 U.S.C. § 3006A.

[3]Rule 8(c) of the Rules Governing Section 2254 Proceedings in the United States District Courts provides that if an evidentiary hearing is required then the judge must appoint counsel to represent a petitioner who qualifies for appointment of counsel under 18 U.S.C. § 3006A.

7

an evidentiary hearing is required, or if the interests of justice so require. See Rules 6(a) & 8(c), Rules Governing Section 2254 Cases in the United States District Courts.

"Appointing counsel for pro se petitioners in habeas corpus cases is a power commended to the discretion of the district court in all but the most extraordinary circumstances." *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997) (quoting 18 U.S.C. § 3006A(a)(2)(B) ("Whenever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28.")). In *Winsett*, the court of appeals applied the then current multi-step standard for evaluating a motion for appointment of counsel under the federal in forma pauperis statute, 28 U.S.C. § 1915(d). [4]

*Pruitt*, 503 F.3d at 655, revisited that standard and clarified the second step.[5] However, the court did not change the threshold inquiry; that is, a district court "must" ask before ruling on a motion for appointment of counsel has the indigent plaintiff made a

---

[4] The appointment of counsel provision of the federal *in forma pauperis* statute is now found at 28 U.S.C. § 1915(e)(1).

[5] The court explained:

The decision whether to recruit pro bono counsel is grounded in a two-fold inquiry into both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself. The inquiries are necessarily intertwined; the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand. The question is not whether a lawyer would present the case more effectively than the pro se plaintiff; "if that were the test, 'district judges would be required to request counsel for every indigent litigant.'" *Johnson [v. Doughty]*, 433 F.3d [1001] at 1006 [7th Cir. 2006] (citing *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997) (quoting *Farmer v. Haas*, 990 F.2d [319] at 323 [7th Cir. 1993]). Rather, the question is whether the difficulty of the case-factually and legally- exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.

*Pruitt*, 503 F.3d at 654-55 (footnote omitted).

8

reasonable attempt to obtain counsel or has he been effectively precluded from so doing? Rozenski's motion for appointment of counsel does not contain any indication that he made any attempt to obtain counsel or that he is effectively precluded from doing so. Since Rozenski has not satisfied the threshold requirement for appointment of counsel, the motion is denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. The Clerk of Court **SHALL** serve a copy of the petition and this order upon Smith.

2. Smith **SHALL** serve and file an answer, motion, or other response to renumbered grounds one through three of the petition on or before **October 29, 2009**. Any answer **SHALL** contain the information called for by Rule 5, Rules Governing Section 2254 Cases in the United States District Courts.

3. Rozenski's motion for appointment of counsel is **DENIED**.

Rozenski is hereby notified that, from now on, he is required, under Fed. R. Civ. P. Rule 5 (a), to send a copy of every paper or document filed with the Court to Smith or Smith's attorney. Rozenski should also retain a personal copy of each document.

9

If Rozenski does not have access to a photocopy machine, Rozenski may send out identical handwritten or typed copies of any documents. The Court may disregard any papers or documents which do not indicate that a copy has been sent to Smith or Smith's attorney.

Dated at Milwaukee, Wisconsin this 15th day of October, 2009.

**BY THE COURT**

*s/ Rudolph T. Randa*
**Hon. Rudolph T. Randa**
**U.S. District Judge**