# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JAMES ROZENSKI,**

                **Petitioner,**

    **v.**                                                                     **Case No. 09-C-775**

**JUDY SMITH,**

                **Respondent.**

# DECISION AND ORDER

        Pro se Petitioner James Rozenski ("Rozenski"), who is serving a state sentence at Oshkosh Correctional Institution ("OCI") in Oshkosh, Wisconsin, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. By decision and order issued on September 28, 2009, as subsequently amended on October 15, 2009, the Respondent, Judy Smith ("Smith") was directed to file an answer to renumbered grounds one through three of the petition, and Rozenski's motion for appointment of counsel was denied.

        On October 19, 2009, Rozenski filed a motion for reconsideration of his motion for appointment of counsel. He has attached letters from two attorneys whom he contacted to request representation in this action. As explained in this Court's earlier decisions, there is no right to counsel in a federal habeas corpus proceeding. *Wright v. West*, 505 U.S. 277, 293 (1992); *Pennsylvania v. Finley*, 481 U.S. 551, 556 (1987); *Pruitt v. Mote*, 503 F.3d 647, 657 (7th Cir. 2007). If a petitioner qualifies under 18 U.S.C. § 3006A(b), counsel shall be

appointed, if necessary, for effective utilization of discovery procedures, if an evidentiary hearing is required, or if the interests of justice so require. *See* Rules 6(a) & 8(c), Rules Governing Section 2254 Cases in the United States District Courts.

"Appointing counsel for pro se petitioners in habeas corpus cases is a power commended to the discretion of the district court in all but the most extraordinary circumstances." *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997) (quoting 18 U.S.C. § 3006A(a)(2)(B) ("Whenever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28.")). In *Winsett*, the court of appeals applied the then current multi-step standard for evaluating a motion for appointment of counsel under the federal *in forma pauperis* statute, 28 U.S.C. § 1915(d).[1] *Pruitt*, 503 F.3d at 655, revisited that standard and clarified the second step.[2] However, the court did not change the threshold inquiry; that is, a district court "must" ask before ruling on a motion for appointment of

---

[1] The appointment of counsel provision of the federal *in forma pauperis* statute is now found at 28 U.S.C. § 1915(e)(1).

[2] The court explained:

The decision whether to recruit pro bono counsel is grounded in a two-fold inquiry into both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself. The inquiries are necessarily intertwined; the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand. The question is not whether a lawyer would present the case more effectively than the pro se plaintiff; "if that were the test, 'district judges would be required to request counsel for every indigent litigant.'" *Johnson* [*v. Doughty*], 433 F.3d [1001] at 1006 [7th Cir. 2006] (citing *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997) (quoting *Farmer v. Haas*, 990 F.2d [319] at 323 [7th Cir. 1993]). Rather, the question is whether the difficulty of the case-factually and legally- exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.

*Pruitt*, 503 F.3d at 654-55 (footnote omitted).

2

counsel has the indigent plaintiff made a reasonable attempt to obtain counsel or has he been effectively precluded from so doing? Rozenski's motion for reconsideration of his motion for appointment of counsel indicates that he has unsuccessfully attempted to obtain counsel. The Court also is satisfied that Rozenski is financially eligible for appointment of counsel.

Rozenski indicates that he does not feel capable of providing a proper reply to Smith's response to his petition and does not wish to squander his opportunity to obtain relief. Smith's answer, filed after Rozenski filed his motion for reconsideration, asserts that Rozenski procedurally defaulted on most of his challenges by not properly presenting them to the state courts, and that he cannot establish cause and prejudice to excuse his procedural default or that a fundamental miscarriage of justice would occur if this Court did not review his defaulted claims because he is actually innocent. Smith further maintains that on the merits Rozenski is unable to prove that the Wisconsin courts resolved his challenges of ineffective assistance of counsel (ground one), prosecutorial misconduct (ground two), and denial of the right to be tried by an impartial jury (ground three), in a way that resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the presumptively correct facts in light of the evidence presented in the State court proceeding. *See* 28 U.S.C. § 2254(d)(1)-(2), and (e)(1).

Rozenski's submissions to date are articulate and reflect an understanding of the issues presented. Thus, at this juncture, the Court concludes that Rozenski is able to represent

3

himself in this action. However, the Court will require that the parties file briefs on the contentions raised by Smith's answer.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Rozenski's motion for reconsideration of his motion for appointment of counsel is **DENIED**.

2. Smith **MUST** file a brief in support of her answer by **December 21, 2009**;

3. Rozenski may file a response to Smith's answer and brief in support of her answer on or before **January 21, 2010**.

4. Smith may file a reply thereto on or before **February 22, 2010.**

Dated at Milwaukee, Wisconsin this 16th day of November, 2009.

                                              **BY THE COURT**

                                              *s/ Rudolph T. Randa*
                                              **Hon. Rudolph T. Randa**
                                              **U.S. District Judge**